KENDALL BRILL & KELLY LLP
Bert H. Deixler (70614)
  *bdeixler@kbkfirm.com*
Patrick J. Somers (318766)
  *psomers@kbkfirm.com*
Amanda D. Barrow (313583)
  *abarrow@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP
Andrew Gordon (*pro hac vice* forthcoming)
  *agordon@paulweiss.com*
Lynn B. Bayard (*pro hac vice* forthcoming)
  *lbayard@paulweiss.com*
Darren W. Johnson (*pro hac vice* forthcoming)
  *djohnson@paulweiss.com*
1285 Avenue of the Americas
New York, New York 10019
Telephone: 212.373.3000
Facsimile: 212.757.3990

Attorneys for Plaintiff
Gianni Versace S.r.l.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GIANNI VERSACE S.R.L., | Case No. 2:19-cv-10074 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| FASHION NOVA, INC., | **JURY TRIAL DEMAND** |
| Defendant. | |

Plaintiff Gianni Versace S.r.l. ("Versace"), by its attorneys Kendall Brill & Kelly LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP, for its complaint against Fashion Nova, Inc. ("Fashion Nova"), upon knowledge as to itself and its own acts, and upon information and belief as to all other matters, alleges as follows.

## Nature of the Action

1.      This is an action for injunctive relief and damages to redress the flagrant infringement of legendary fashion designer Versace's iconic apparel—long protected by copyright, trademark and trade dress—by Fashion Nova, a retailer and serial infringer specializing in "fast-fashion" knock-offs.

2.      Founded by Italian designer Gianni Versace in 1978, Versace is one of the most recognized and influential fashion brands in the world.  Versace designs, manufactures, markets, distributes and sells a wide variety of luxury products, including Haute Couture and ready-to-wear apparel, which are renowned for their high quality and style, and are identified and recognized by the use of copyrighted designs, and distinctive trademarks and trade dress (the "Versace Apparel").  Examples of the Versace Apparel are depicted below:

  

603207269.1

2

COMPLAINT

Case No. 2:19-cv-10074

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

3.     The Versace Apparel has become enormously popular, driven by the brand's arduous quality standards, innovative design, widespread marketing and large international following.  For example, the green "Jungle Pattern" dress depicted above, which famously was worn by Jennifer Lopez at the 42nd Annual Grammy Awards, was identified as one of the "most iconic dresses of all time" in a 2008 poll of consumers.  Similarly, the black and gold "Barocco - 57" design depicted above is among the most well-known designs in the fashion world, and instantly recognizable by consumers as signature Versace.

4.     Without Versace's license or consent, and indeed with full knowledge and willful disregard of Versace's rights, Fashion Nova has manufactured, marketed and sold apparel using the same or substantially similar copyrighted designs and confusingly similar trademarks and trade dress (the "Infringing Apparel").  Fashion Nova's Infringing Apparel is plainly a deliberate effort to exploit the popularity and renown of Versace's signature designs, and to trade on Versace's valuable goodwill and business reputation in order to drive profits and sales to line Fashion Nova's pockets.  Examples of the Infringing Apparel are depicted below:

  

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

5.      The Infringing Apparel deliberately copies and imitates Versace's most famous and recognizable designs, marks, symbols and other protected elements in violation of Versace's exclusive registered copyrights, and in a manner that is likely to cause maximum consumer confusion and deceive the public regarding the Infringing Apparel's source, sponsorship or affiliation.  Fashion Nova's unlawful acts are irreparably harming Versace's brand and its extremely valuable goodwill among consumers.

6.      Nor is this Fashion Nova's first foray into infringements of fashion designs.  Since its launch in 2013, it has been sued at least eight times by other designers (such as Adidas) for the same type of copyright and trademark infringement as Versace asserts here.  With this lawsuit, Versace seeks to bring an end to Fashion Nova's latest brazen attempt at copying the work of yet another famous and world-renowned designer.

7.      Versace therefore brings this action for copyright infringement, trademark infringement and trade dress infringement, among other claims, to immediately halt Fashion Nova's unlawful conduct and redress Versace's rights.

## Jurisdiction and Venue

8.      This action arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*  This Court's jurisdiction is based upon 17 U.S.C. §§ 101 *et seq.* and 28 U.S.C. §§ 1121, 1331 and 1338.

9.      This Court has subject matter jurisdiction over the common and state law claims under 28 U.S.C. § 1332 because a complete diversity of citizenship exists between the parties, citizens of California and Italy, and the amount in controversy exceeds $75,000.  This Court also has subject matter jurisdiction over the common and state law claims under 28 U.S.C § 1367 because they are so closely related to the Copyright Act and Lanham Act claims that they form part of the same case of controversy under Article III of the United States Constitution.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                                    4                          Case No. 2:19-cv-10074

COMPLAINT

10.     This Court has personal jurisdiction over Fashion Nova because a substantial part of the unlawful acts giving rise to the claims occurred and continues to occur in this District, and because defendant Fashion Nova can be found in this District.

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(a) because a substantial part of the unlawful acts giving rise to the claims occurred and continues to occur in this District, and because defendant Fashion Nova can be found in this District.

## The Parties

12.     Plaintiff Versace is a company organized and existing under the laws of Italy, with its principal place of business at Piazza Einaudi No. 4 – 20124 Milan, Italy.  Versace Apparel is distributed and sold to consumers throughout the United States through Versace boutiques and luxury-brand retailers, including through Versace's own retail stores in this District, and authorized retailers in this District such as Nordstrom, Bloomingdale's and Saks Fifth Avenue, and through the versace.com website.

13.     Defendant Fashion Nova is a corporation organized and existing under the laws of California, with its principal place of business at 2801 East 46th Street, Vernon, California 90058.  Upon information and belief, Fashion Nova markets, distributes, offers for sale and sells its Infringing Apparel throughout the United States, through its fashionnova.com website, including in this District, as well as through retail stores in this District.

## The Facts

### Versace's Iconic Copyrights, Trademarks and Trade Dress

14.     Versace was founded by Italian fashion designer Gianni Versace in 1978, and expanded under the creative leadership of Donatella Versace beginning

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1

5

COMPLAINT

Case No. 2:19-cv-10074

in 1997, to become one of the most recognizable and sought-after fashion brands in the world.

15.     Versace Apparel has been worn by royalty, including Princess Diana of Wales and Princess Caroline of Monaco, famous musicians, including Elton John and Lady Gaga, and the biggest stars in Hollywood, including Jennifer Lopez and Elizabeth Hurley.  Versace Apparel also is the subject of a 2017 hit song and music video by Bruno Mars entitled "Versace on the Floor" (*see* https://en.wikipedia.org/wiki/Versace_on_the_Floor).

16.     Versace is renowned for blending art and fashion, including through its creation of bold and colorful prints and decorative design elements, which consumers immediately recognize and associate with Versace.  As a result of Versace's creative vision and artistry, Versace Apparel has been exhibited in prestigious museums around the world, including the Metropolitan Museum of Art in New York, the Victoria & Albert Museum in London, and the Musée de la Mode in Paris.

### Versace's Copyrighted Designs

17.     Many of the most iconic decorative and artistic designs presented on Versace Apparel are original works protected under the United States Copyright Act (collectively, the "Versace Copyrights").

18.     For example, Versace owns a valid copyright registered with the Copyright Office for its "Barocco - 57" design, with Registration No. VA 2-176-201 (Exhibit A), which is depicted below, along with an example of Versace Apparel bearing the Barocco - 57 copyrighted design:

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067



19. Versace also owns a valid copyright registered with the Copyright Office for its "Pop Hearts" design, with Registration No. VA 2-173-519 (Exhibit B), which is depicted below, along with an example of Versace Apparel bearing the Pop Hearts copyrighted design:




20. Versace also owns a valid copyright registered with the Copyright Office for its "Jungle Print" design, with Registration No. VA 2-175-854 (Exhibit C), which is depicted below, along with an example of Versace Apparel bearing the Jungle Print copyrighted design:

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067




21.     At all times relevant, Versace has been the owner of all right, title and interest in and to the "Barocco - 57," "Pop Hearts" and "Jungle Print" copyrighted works used on Versace Apparel, and such copyrights are valid and in full force and effect.  As the owner of the above copyrighted works, Versace has the sole and exclusive right to reproduce and distribute them, in whole or in part, and to create derivative works using them.

<u>Versace's Distinctive Trademarks</u>

22.     Versace also owns numerous distinctive trademarks that have come to symbolize the high quality of Versace Apparel in the minds of consumers, including the VERSACE and GIANNI VERSACE word marks (together, the "Versace Word Marks"), which Versace has continuously used in connection with the sale of Versace Apparel in the United States since at least as early as 1994.  In addition to the Versace Word Marks, for many years, Versace has used several distinctive and well-known classical design marks, including "Medusa Head" designs and "Greca" designs (collectively, the "Versace Design Marks," and together with the Versace Word Marks, the "Versace Trademarks").  Versace

Kendall Brill
& Kelly LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                                                8                                    Case No. 2:19-cv-10074

COMPLAINT

1  Apparel typically includes one or more of the Versace Trademarks to signify to
2  consumers that Versace is the source of the Versace Apparel.

3        23.     Many of the Versace Trademarks are registered with the United
4  States Patent and Trademark Office.  A non-exclusive list of the registered Versace
5  Trademarks is included below:

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                                9                      Case No. 2:19-cv-10074
                                    COMPLAINT

| Registration Number | Trademark | |
| --- | --- | --- |
| 4,398,385 4,626,622 | VERSACE | (word mark) |



| Registration Number | Trademark | |
| --- | --- | --- |
| 1,875,093 | | (Medusa Head & Greca Design) |
| 2,980,455 | | (Medusa Head Design) |
| 3,194,501 | | (Greca Design) |
| 3,199,127 | | (Greca Circle Design) |
| 3,453,992 | | (Greca Element Design) |

24.    The above U.S. registrations for the Versace Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

U.S.C. § 1065.  The registrations for the Versace Trademarks constitute *prima facie* evidence of their validity and of Versace's exclusive right to use the Versace Trademark.  True and correct copies of the United States Registration Certificates for the above-listed Versace Trademarks are attached as Exhibit D.

25.    In addition to the U.S. registered trademarks depicted above, the Versace Trademarks also include foreign registered trademarks and U.S. common law trademark rights with respect to certain word marks and design marks, including:

| Jurisdiction | Registration Number | Trademark |
|---|---|---|
| European Union | 11,566,825 |  |

26.    The Versace Trademarks signify to consumers that the apparel bearing them was designed by Versace and is manufactured to Versace's high quality standards.  Whether Versace manufactures the apparel itself or contracts with others to do so, Versace exercises strict quality control to ensure that all apparel bearing the Versace Trademarks is manufactured to the highest quality standards.

27.    The Versace Trademarks are famous marks, as that term is used in 15 U.S.C. § 1125(c)(1) and California Business and Professions Code § 14247, and have been continuously used and never abandoned.  The innovative marketing and product designs of Versace Apparel have enabled the Versace brand to achieve widespread recognition and fame.  In addition, Versace has expended substantial time, money and other resources in advertising and promoting the Versace Trademarks, and Versace Apparel has been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs, including news

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

stories touting the Versace Apparel as iconic.  As a result, apparel bearing the Versace Trademarks is exclusively associated by consumers, the public, and the trade as being high-quality apparel sourced from Versace.  Versace Apparel has become among the most popular of its kind in the U.S. and the world, and the Versace Trademarks have achieved tremendous fame and recognition with its consumers.  As such, the goodwill associated with the Versace Trademarks is of incalculable and inestimable value to Versace.

<u>Versace's Distinctive Trade Dress</u>

28.   Versace also is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including shapes, colors, designs, fabrics and other non-functional elements comprising the overall look and feel that are original and unique to Versace Apparel (the "Versace Trade Dresses").

29.   One of the most famous examples of the Versace Trade Dresses is the iconic green Versace dress worn by Jennifer Lopez to the 2000 Grammy Awards, which has been recognized as one of the most iconic dresses of all-time, and is the subject of its own Wikipedia entry (https://en.wikipedia.org/wiki/Green_Versace_dress_of_Jennifer_Lopez).  This iconic dress, which is often referred to as the "Jungle Dress," is depicted below:

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                                    12                        Case No. 2:19-cv-10074
COMPLAINT

30.     The Jungle Dress consists of a distinctive combination of elements that together constitute Versace's protectable trade dress, including its green tropical leaf and bamboo pattern, its plunging neckline extending to the navel, its high cut leg slit, a circular brooch at the waist where the plunging neckline and high cut leg slit meet, and long, flowing sleeves (the "Jungle Trade Dress").

31.     Another famous example of the Versace Trade Dresses is the iconic Versace baroque-style print, consisting of bold, classical motifs inspired by Italian frescos, including curling floral imagery, gold chains, Medusa heads and leopard skins, typically printed in black and gold on shiny silk (the "Baroque Trade Dress").  The Baroque Trade Dress has been described as "the essence" of the classic Versace look.  *See* https://www.thefader.com/2011/10/20/anatomy-of-a-trend-versaces-baroque-print.  An example of the Baroque Trade Dress is depicted below:

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                    COMPLAINT                    Case No. 2:19-cv-10074



32.     For many years, the Versace Trade Dresses have been extensively marketed throughout the United States online, on television, and in print, and Versace has spent millions of dollars in advertising and promoting the Versace Trade Dresses using the Versace brand name.

33.     As a result, consumers immediately identify Versace as the single source of high quality apparel bearing the Versace Trade Dresses, including the Jungle Trade Dress and the Baroque Trade Dress.

***Fashion Nova's Acts of Infringement***

34.     Fashion Nova was founded in 2006 as a chain of stores in Los Angeles-area malls selling low-price "clubwear."  In 2013, Fashion Nova launched an e-commerce site (fashionnova.com) to sell so-called "fast-fashion"—inexpensive clothing produced rapidly by mass-market retailers in response to the latest original fashion trends.  Fashion Nova's ability to churn out new clothing so quickly is due in large part to its willingness to copy the copyrighted designs, trademarks and trade dress elements of well-known designers such as Versace, and trade on their creative efforts in order to bolster Fashion Nova's bottom line.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

35.     To that end, in blatant disregard of Versace's rights, Fashion Nova is designing, manufacturing, producing, marketing, distributing, promoting, offering for sale and selling in interstate commerce apparel bearing designs that are the same or substantially similar to the Versace Copyrights, and apparel that includes the Versace Trademarks or words, symbols, designs and other elements that are confusingly similar to the Versace Trademarks and Trade Dress.

36.     Examples of Fashion Nova's Infringing Apparel are depicted on the following pages, which Infringing Apparel is substantially and confusingly similar to the Versace Copyrights, Trademarks and Trade Dresses.  Additional examples (by way of illustration and not limitation) of Fashion Nova's Infringing Apparel are attached as Exhibit E.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                          15                      Case No. 2:19-cv-10074
COMPLAINT

| Fashion Nova Dress | Versace Dress |
|---|---|
|  |  |
| **Infringing Designs** | **Versace IP Infringed** |
|  | <br><br>Barocco - 57 Copyright<br>U.S. Reg. No. VA 2-176-201<br>(detail) |
|  | <br><br>Barocco - 57 Copyright<br>U.S. Reg. No. VA 2-176-201<br><br>(detail) |
|  | <br><br>Greca Design Trademark<br>U.S. Reg. No.  3,194,501 |

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

| Fashion Nova Dress | Versace Dress |
|---|---|
|  |  |
| Infringing Design | Versace IP Infringed |
|  | <br><br>Greca Design Trademark<br><br>U.S. Reg. No.  3,194,501 |
| | <br><br>Greca Circle Design Trademark<br><br>U.S. Reg. No.  3,199,127 |

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

| Fashion Nova Dress | Versace Dress |
|---|---|
|  |  |
| Infringing Design | Versace IP Infringed |
|  | 

Pop Hearts Copyright
U.S. Reg. No. VA 2-173-519
(detail) |

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

| Fashion Nova Dresses | Versace Dress |
|:---:|:---:|



| Infringing Designs | Versace IP Infringed |
|:---:|:---:|

Jungle Print Copyright
U.S. Reg. No. VA 2-175-854

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

| Infringing Fashion Nova Dress | Original Versace Jungle Dress |
|---|---|
|  |  |
| **Infringing Design Elements** | **Versace Trade Dress Elements Infringed** |
| • Green tropical leaf and bamboo pattern<br>• Plunging neckline extending to the navel<br>• High-cut leg slit<br>• Circular brooch where the plunging neckline meets the high-cut leg slit<br>• Long, flowing sleeves | • Green tropical leaf and bamboo pattern<br>• Plunging neckline extending to the navel<br>• High-cut leg slit<br>• Circular brooch where the plunging neckline meets the high-cut leg slit<br>• Long, flowing sleeves |

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

COMPLAINT

37.     The Infringing Apparel designed, manufactured, produced, distributed, marketed, promoted, offered for sale and sold by Fashion Nova is not manufactured by Versace.

38.     Nor is Fashion Nova associated, affiliated or connected with Versace, or licensed, authorized, sponsored, endorsed or approved by Versace in any way.

39.     Versace created and used the Versace Copyrights, Trademarks and Trade Dresses extensively and continuously in connection with Versace Apparel long before Fashion Nova began distributing, marketing, promoting, offering for sale or selling the Infringing Apparel.

40.     Fashion Nova's use of designs that are substantially similar to the Versace Copyrights violates Versace's exclusive registered copyrights.

41.     Fashion Nova's use of words, symbols, designs and other elements that are confusingly similar to the Versace Trademarks and Trade Dress violates Versace's registered trademarks and trade dress.

42.     Telling of the willfulness of Fashion Nova's infringing conduct, Fashion Nova also deceives unknowing consumers by using the Versace Trademarks without authorization within the content, text and/or meta tags of its website in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Versace Apparel.  Moreover, Fashion Nova uses other unauthorized search engine optimization tactics and/or social media spamming so that Fashion Nova webpages show up at or near the top of relevant search results and misdirect consumers searching for Versace Apparel.

43.     Fashion Nova's use of identical and/or confusingly similar imitations of the Versace Trademarks and Trade Dress is likely to deceive, confuse and mislead actual and prospective purchasers before, during and after purchase into

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                                      21                        Case No. 2:19-cv-10074
COMPLAINT

believing that the Infringing Apparel is manufactured or authorized by, or in some manner associated with, Versace, which it is not.

44.    The likelihood of confusion, mistake and deception engendered by Fashion Nova's misappropriation of the Versace Trademarks and Trade Dress is causing irreparable harm to the goodwill symbolized by the Versace Trademarks and Trade Dress and the reputation for quality that they embody.

45.    Fashion Nova has engaged in the above-described infringing activities knowingly and intentionally, or with reckless disregard or willful blindness to Versace's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Versace Trademarks and Trade Dresses.

46.    Versace objected to Fashion Nova's infringing activities on multiple occasions before filing this lawsuit, including on or about July 26, 2019, September 20, 2019, October 1, 2019 and November 13, 2019.

47.    Notwithstanding Versace's objections, Fashion Nova continues to use designs that are substantially similar to the Versace Copyrights, and confusingly similar to the Versace Trademarks and Trade Dresses, in violation of Versace's exclusive registered copyrights, registered trademarks, common law trademarks, and distinctive trade dresses.

***Versace's Injury***

48.    As a direct and proximate result of Fashion Nova's infringing conduct, Versace has been substantially damaged in, among other ways, the infringement of the Versace Copyrights and the deprivation of Versace's exclusive right to control the manner of use of its Versace Copyrights.

49.    As a result of Fashion Nova's misuse of the Versace Copyrights, Fashion Nova has caused, and will continue to cause, irreparable injury to Versace and has damaged the value of the Versace Copyrights.

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1

22

Case No. 2:19-cv-10074

COMPLAINT

50.     In addition, Fashion Nova has enriched itself at Versace's expense by its commercial exploitation of the Versace Copyrights without Versace's consent and without any compensation to Versace.

51.     Further, as a direct and proximate result of Fashion Nova's misuse of the Versace Trademarks and Trade Dresses, consumers are likely to be confused and deceived into believing that a connection or association exists between Versace and Fashion Nova, when there is none, causing additional injury to Versace, and the reputation and goodwill of the Versace Trademarks and Trade Dress.

52.     Fashion Nova's misuse of the Versace Trademarks and Trade Dresses also dilutes the distinctiveness of the Versace Trademarks and Trade Dresses by eroding the public's exclusive identification of these famous trademarks and trade dresses with Versace, tarnishing and degrading the positive associations and prestigious connotations of these famous trademarks and trade dresses, and otherwise lessening the capacity of the Versace Trademarks and Trade Dresses to identify and distinguish Versace Apparel.

53.     In addition, Fashion Nova has enriched itself at Versace's expense by its commercial exploitation of the Versace Trademarks and Trade Dresses without Versace's consent and without any compensation to Versace.

## FIRST CLAIM

### (Copyright Infringement Under the Copyright Act, 17 U.S.C. § 501)

54.     Versace repeats and realleges the allegations in paragraphs 1 through 52.

55.     As set forth above, the Versace Copyrights are valid and owned by Versace, and have been registered with the U.S. Copyright Office.

56.     Fashion Nova, without the permission or consent of Versace, has designed, manufactured, produced, distributed, marketed, promoted, offered for sale

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                                   23                          Case No. 2:19-cv-10074
COMPLAINT

and sold the Infringing Apparel, which is substantially similar to the Versace Copyrights.

57.     By reason of the foregoing, Fashion Nova has infringed, and continues to infringe, the Versace Copyrights in violation of, without limitation, the exclusive rights of reproduction and distribution and the exclusive right to prepare derivative works under section 106 of the Copyright Act, and section 501 of the Copyright Act.

58.     Fashion Nova's infringement of the Versace Copyrights has been and continues to be intentional, willful and with full knowledge of Versace's rights.

59.     As a direct and proximate result of its infringing conduct, Fashion Nova has made and will continue to make substantial profits and gains to which it is not entitled.

60.     As a direct and proximate result of Fashion Nova's conduct, Versace has suffered and will continue to suffer irreparable harm, for which it has no adequate remedy at law.

61.     As a direct and proximate result of Fashion Nova's conduct, Versace is entitled to actual damages and Fashion Nova's profits pursuant to 17 U.S.C. § 504(b) attributable to Fashion Nova's infringement.

62.     Alternatively, Versace is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), and such other amounts as may be proper under 17 U.S.C. § 504(c).

63.     Versace is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                              24                         Case No. 2:19-cv-10074
COMPLAINT

## SECOND CLAIM

### (Trademark Infringement Under

### Section 32 of the Lanham Act, 15 U.S.C. § 1114(1))

64. Versace repeats and realleges the allegations in paragraphs 1 through 62.

65. The Versace Trademarks are owned by Versace, and are valid and subsisting.

66. Upon information and belief, Fashion Nova has used, is using, and/or imminently intends to use the Versace Trademarks, or words and symbols that are confusingly similar to the Versace Trademarks, in interstate commerce, without the consent of Versace, in connection with the sale of goods and/or in connection with the advertising and promotion of such goods.

67. Fashion Nova's conduct as alleged above constitutes the unauthorized use in interstate commerce in the United States of the Versace Trademarks in connection with the sale, offering for sale, distribution, or advertising of its products, and has caused and/or is likely to cause confusion or mistake or deception of the public as to (i) the affiliation, connection, and/or association of Versace with Fashion Nova and the Infringing Apparel; (ii) the origin of the Infringing Apparel; and/or (iii) the sponsorship, endorsement, or approval of the Infringing Apparel by Versace, in each case a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

68. Upon information and belief, Fashion Nova's actions were deliberate, willful, and in conscious disregard of Versace's superior rights in its registered Versace Trademarks.

69. As a result of Fashion Nova's conduct, Versace has suffered irreparable harm to its Versace Trademarks, reputation and goodwill, for which it

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                                   25                    Case No. 2:19-cv-10074

COMPLAINT

has no adequate remedy at law, and will continue to suffer irreparable injury unless and until Fashion Nova's infringing acts are enjoined by this Court.

70.     Pursuant to 15 U.S.C. §§ 1116-1117, Versace is entitled to injunctive relief, actual damages in an amount to be determined at trial, to have such damages trebled, to Fashion Nova's profits, and to the costs of this action and to attorneys' fees.

## THIRD CLAIM

### (Trade Dress Infringement Under

### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

71.     Versace repeats and realleges the allegations in paragraphs 1 through 69.

72.     The Versace Trade Dresses are nonfunctional and their inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Versace as the source of high quality goods.

73.     Upon information and belief, Fashion Nova has used, is using, and/or imminently intends to use shapes, colors, designs, fabrics and other non-functional elements that are identical and/or confusingly similar to the Versace Trade Dresses without the consent of Versace, on Fashion Nova's products or in connection with the advertising and promotion of such goods.

74.     Upon information and belief, Fashion Nova's actions were deliberate, willful, and in conscious disregard of Versace's superior rights in its Versace Trade Dresses.

75.     Fashion Nova's conduct as alleged above constitutes the unauthorized use in commerce of the Versace Trade Dresses in connection with the Infringing Apparel and has caused and/or is likely to cause confusion, mistake, or deception of the public as to (i) the affiliation, connection, and/or association of Versace with Fashion Nova and the Infringing Apparel; (ii) the origin of the

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                                    26                          Case No. 2:19-cv-10074

COMPLAINT

Infringing Apparel; and/or (iii) the sponsorship, endorsement, or approval of the Infringing Apparel by Versace, in each case in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

76. As a result of Fashion Nova's conduct, Versace has suffered irreparable harm to its Versace Trade Dresses, reputation and goodwill, for which it has no adequate remedy at law, and will continue to suffer irreparable injury unless and until Fashion Nova's infringing acts are enjoined by this Court.

77. Pursuant to 15 U.S.C. §§ 1116-1117, Versace is entitled to injunctive relief, actual damages in an amount to be determined at trial, to have such damages trebled, to Fashion Nova's profits, and to the costs of this action and to attorneys' fees.

## FOURTH CLAIM

### (Unfair Competition and False Designation of Origin

### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

78. Versace repeats and realleges the allegations in paragraphs 1 through 76.

79. In addition to the registered Versace Trademarks, Versace owns valuable common law trademark rights in the Versace Trademarks, which, by virtue of their use by Versace, in connection with the promotion and sale of goods and services, has gained widespread consumer recognition, and has developed valuable goodwill associated therewith.

80. Upon information and belief, Fashion Nova has used, is using, and/or imminently intends to use the Versace Trademarks in interstate commerce, without the consent of Versace, to identify Fashion Nova's goods and/or in connection with the advertising and promotion of such goods.

81. Fashion Nova's conduct as alleged above constitutes the unauthorized use in commerce of the Versace Trademarks in connection with the

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

Infringing Apparel and has caused and/or is likely to cause confusion, mistake, or deception of the public as to (i) the affiliation, connection, and/or association of Versace with Fashion Nova and the Infringing Apparel; (ii) the origin of the Infringing Apparel; and/or (iii) the sponsorship, endorsement, or approval of the Infringing Apparel by Versace, in each case in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

82.    Upon information and belief, Fashion Nova's actions were deliberate, willful, and in conscious disregard of Versace's rights.

83.    Fashion Nova's conduct as alleged above has caused and/or will cause Versace to suffer injury, for which it has no adequate remedy at law.

84.    Pursuant to 15 U.S.C. §§ 1116-1117, Versace is entitled to injunctive relief, actual damages in an amount to be determined at trial, to have such damages trebled, to Fashion Nova's profits, and to the costs of this action and to attorneys' fees.

## FIFTH CLAIM

### (Dilution Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c))

85.    Versace repeats and realleges the allegations in paragraphs 1 through 83.

86.    The Versace Trade Dresses and Versace Trademarks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and Versace has built up valuable goodwill in the Versace Trade Dresses and Versace Trademarks.  The Versace Trade Dresses and Versace Trademarks have enjoyed such distinction and fame since long before Fashion Nova commenced unauthorized use of the Versace Trade Dresses and Versace Trademarks.

87.    Upon information and belief, Fashion Nova has used, is using, and/or intends to use the Versace Trade Dresses and Versace Trademarks in

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                                    28                        Case No. 2:19-cv-10074
COMPLAINT

interstate commerce in connection with the advertising and promotion of goods and services sold or offered by Fashion Nova.

88.     Fashion Nova's use of the Versace Trade Dresses and Versace Trademarks has caused actual harm and is likely to cause harm to Versace by diluting and weakening the unique and distinctive significance and quality of the Versace Trade Dresses and Versace Trademarks to identify Versace's goods and services and by tarnishing the Versace Trade Dresses and Versace Trademarks in the minds of consumers.

89.     By reason of the foregoing, Fashion Nova has violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

90.     Upon information and belief, Fashion Nova's actions were deliberate, willful, and in conscious disregard of Versace's rights.

91.     Fashion Nova's conduct as alleged above has caused and/or will cause Versace to suffer injury, for which it has no adequate remedy at law.

92.     Pursuant to 15 U.S.C. §§ 1116-1117, Versace is entitled to injunctive relief, actual damages in an amount to be determined at trial, to have such damages trebled, to Fashion Nova's profits, to the costs of this action, and to attorneys' fees.

## SIXTH CLAIM

### (Common Law Trademark Infringement)

93.     Versace repeats and realleges the allegations in paragraphs 1 through 91.

94.     Fashion Nova's conduct as alleged above constitutes infringement and misappropriation of the Versace Trademarks in violation of Versace's rights under common law and in equity.

95.     Upon information and belief, Fashion Nova's actions were deliberate, willful, and in conscious disregard of Versace's rights.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                          29                          Case No. 2:19-cv-10074
COMPLAINT

96.     Fashion Nova's conduct as alleged above has caused and/or will cause Versace to suffer injury, for which it has no adequate remedy at law.

97.     Versace is entitled to injunctive relief, actual damages in an amount to be determined at trial, to have such damages trebled, to Fashion Nova's profits, to the costs of this action, and to attorneys' fees.

## SEVENTH CLAIM

### (Common Law Unfair Competition)

98.     Versace repeats and realleges the allegations in paragraphs 1 through 96.

99.     Upon information and belief, by using the Versace Trade Dresses and Versace Trademarks in commerce without authorization by Versace, Fashion Nova knowingly and willfully is confusing consumers by creating the false and misleading impression that Fashion Nova and its Infringing Apparel are related to, affiliated with, or connected with Versace.

100.   Upon information and belief, Fashion Nova's deliberate use of the Versace Trade Dresses and Versace Trademarks in connection with the marketing, advertising, promotion, and/or distribution of its Infringing Apparel was done in bad faith with the intent to unfairly benefit from the expense, time, effort and labor expended by Versace in developing and promoting the Versace Trade Dresses and Versace Trademarks.

101.   By reason of the foregoing, Fashion Nova's conduct constitutes willful and deliberate false designation of origin, false description and representation, and unfair competition, in violation of Versace's rights under common law and in equity.

102.   Upon information and belief, Fashion Nova's actions were deliberate, willful, and in conscious disregard of Versace's rights.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                    30                    Case No. 2:19-cv-10074

COMPLAINT

103.   Fashion Nova's conduct as alleged above has caused and/or will cause Versace to suffer injury, for which it has no adequate remedy at law.  Versace is entitled to injunctive relief, actual damages in an amount to be determined at trial, and to Fashion Nova's profits attributable to its unlawful conduct.

## EIGHTH CLAIM

### (Dilution in Violation of Cal. & Bus. Prof. Code § 14247)

104.   Versace repeats and realleges the allegations in paragraphs 1 through 102.

105.   The Versace Trademarks and Trade Dresses are famous and distinctive in the State of California, and Versace has built up valuable goodwill in the Versace Trademarks and Trade Dresses.  The Versace Trademarks and Trade Dresses have enjoyed widespread publicity and recognition in the State of California since long before Fashion Nova commenced use of the Versace Trademarks and Trade Dresses.

106.   Upon information and belief, Defendants have used, are using, and/or intend to use the Versace Trademarks and Trade Dresses in commerce in connection with the advertising and promotion of goods and services sold or offered for sale by Fashion Nova in the State of California.

107.   Fashion Nova's use of the Versace Trademarks and Trade Dresses has caused actual harm and is likely to cause harm to Versace by diluting and weakening the unique and distinctive significance and quality of the Versace Trademarks and Trade Dresses to identify the Versace Apparel and by tarnishing Versace's name, and the Versace Trademarks and Trade Dresses, in the minds of consumers in the State of California.

108.   By reason of the foregoing, Versace is being damaged by the unauthorized and illegal use of the Versace Trademarks and Trade Dresses in the manner set forth above, and will continue to be damaged unless Fashion Nova is

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                                31                        Case No. 2:19-cv-10074

COMPLAINT

immediately enjoined under Section 14247 of the California Business and Professions Code from using any of the Versace Trademarks or Trade Dress.

## NINTH CLAIM

### (Unfair Competition Under California Unfair Business Practices Act, Cal. & Bus. Prof. Code §§ 17200 *et seq.*)

109.    Versace repeats and realleges the allegations in paragraphs 1 through 107.

110.    Upon information and belief, by using the Versace Trademarks and Trade Dresses in commerce without authorization by Versace, Fashion Nova knowingly and willfully is confusing consumers by creating the false and misleading impression that Fashion Nova and its Infringing Apparel are related to, affiliated with, or connected with Versace.

111.    Fashion Nova's deliberate use of the Versace Trademarks and Trade Dresses in connection with the marketing, advertising, promotion, and/or distribution of its Infringing Apparel was done in bad faith with the intent to unfairly benefit from the expense, time, effort and labor expended by Versace in developing and promoting the Versace Trademarks and Trade Dresses.

112.    By reason of the foregoing, Fashion Nova's conduct constitutes a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, §§ 17200 *et seq.*

113.    Fashion Nova's actions were deliberate, willful, and in conscious disregard of Versace's rights.

114.    Fashion Nova's conduct as alleged above has caused and/or will cause Versace to suffer injury, for which it has no adequate remedy at law.  Versace is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, §§ 17200, *et seq.*, including permanent injunctive relief.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1

32

Case No. 2:19-cv-10074

COMPLAINT

WHEREFORE, Versace respectfully requests that this Court enter judgment against Fashion Nova as follows:

A.      Adjudging that Fashion Nova: (i) violated § 501 of the Copyright Act of 1976, 17 U.S.C. § 501, with respect to the Versace Copyrights; (ii) violated § 32 of the Lanham Act, 15 U.S.C. § 1114, with respect to the Versace Trademarks; and (iii) violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125, with respect to the Versace Trade Dress;

B.      Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 17 U.S.C. § 502 and 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Fashion Nova, its officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them from designing, manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale and/or selling any products that bear the Versace Copyrights, the Versace Trademarks and/or the Versace Trade Dresses, and/or any other design, mark, symbol or other elements substantially similar or confusingly similar thereto, including, without limitation, the Infringing Apparel, and engaging in any other activity constituting an infringement of any of Versace's rights in the Versace Copyrights, the Versace Trademarks and/or the Versace Trade Dresses;

C.      Requiring Fashion Nova to recall from any distributors and retailers, and to deliver to Versace for destruction or other disposition all remaining inventory of all Infringing Apparel, including all advertisements, promotional and marketing materials therefor, as well as the means of making same;

D.      Requiring Fashion Nova to file with this Court and to serve on Versace within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Fashion Nova has complied with the injunction;

E.      Directing such other and further relief as the Court may deem

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                          33                    Case No. 2:19-cv-10074
COMPLAINT

appropriate to prevent consumers, the public and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale and/or sold by Fashion Nova has been authorized by Versace, or is related in any way with Versace and/or its products;

       F.    Awarding Versace statutory damages or, alternatively, its actual damages suffered as a result of the copyright infringement and any profits of Fashion Nova not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

       G.    Ordering Fashion Nova to account to and pay to Versace all profits realized by its wrongful acts, awarding Versace its actual damages, and directing that such profits or actual damages be trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

       H.    Awarding Versace punitive damages to which it is entitled under applicable law;

       I.    Awarding Versace its attorneys' fees, together with the costs and disbursements of this action;

       J.    Awarding Versace pre-judgment interest on any monetary award made part of the judgment against Fashion Nova; and

       K.    Granting Versace such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1             34             Case No. 2:19-cv-10074
COMPLAINT

DATED:  November 25, 2019     KENDALL BRILL & KELLY LLP


By:     /s/ Patrick J. Somers

Patrick J. Somers (318766)
  *psomers@kbkfirm.com*
Bert H. Deixler (70614)
  *bdeixler@kbkfirm.com*
Amanda D. Barrow (313583)
  *abarrow@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:   310.556.2705

PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP
Andrew Gordon (*pro hac vice*
forthcoming)
  *agordon@paulweiss.com*
Lynn B. Bayard (*pro hac vice* forthcoming)
  *lbayard@paulweiss.com*
Darren W. Johnson (*pro hac vice*
forthcoming)
  *djohnson@paulweiss.com*
1285 Avenue of the Americas
New York, New York 10019
Telephone: 212.373.3000
Facsimile: 212.757.3990

Attorneys for Plaintiff Gianni Versace S.r.l.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603207269.1                               35                    Case No. 2:19-cv-10074
                                      COMPLAINT