Tiffany Kim Sung (State Bar No. 323077)
tsung@foley.com
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3300
Los Angeles, California 90071-2411
Telephone:  213-972-4500
Facsimile:   213-486-0065
Jeanne M. Gills (*pro hac vice*)
jmgills@foley.com
321 North Clark Street, Suite 3000
Chicago, Illinois 60654
Telephone: 312-832-4500
Cynthia Rigsby (*pro hac vice*)
crigsby@foley.com
Kelsey C. Boehm (*pro hac vice*)
kboehm@foley.com
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone: 414-297-5580

John F. Olsen
jolsen@fiplawgroup.com
FERDINAND IP, LLP
2500 Broadway, Building F, Suite F-125
Santa Monica, California 90404
Telephone: 858-412-4515
Edmund J. Ferdinand, III (*pro hac vice*)
jferdinand@fiplawgroup.com
Alexander Malbin (*pro hac vice*)
amalbin@fiplawgroup.com
450 Seventh Avenue, Suite 1300
New York, New York 10123
Telephone: 212-220-0523

Attorneys for FASHION NOVA, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| GIANNI VERSACE S.R.L., <br><br> Plaintiff, <br><br> v. <br><br> FASHION NOVA, INC. <br><br> Defendant. | Case No:  2:19-cv-10074-PA-RAO <br><br> **AMENDED DECLARATION OF JEANNE M. GILLS IN SUPPORT OF DEFENDANT'S AMENDED JOINT MOTIONS *IN LIMINE*** <br><br> Hearing: TBD <br> Trial Date: TBD <br><br> District Judge: Percy Anderson |

4824-9362-7087.5

1

I, Jeanne M. Gills, hereby declare as follows:

1. I am an attorney and partner at Foley & Lardner LLP, counsel of record for Defendant Fashion Nova, Inc. ("Fashion Nova"). I am admitted *pro hac vice* to practice before this Court. If called upon as a witness, I could and would competently testify to the facts set forth below, as I know each to be true based on my own personal knowledge.

2. Fashion Nova seeks to limit evidence and testimony on Versace's copyright claims in its Motion *in Limine* No. 1. Specifically, Fashion Nova seeks to preclude Gianni Versace S.R.L. ("Versace") from admitting Versace garments as evidence of substantial similarity, or from offering fact or expert testimony of similarity between Versace garments and Fashion Nova's accused products, on its copyright infringement cause of action.

3. Fashion Nova's counsel has met and conferred with Plaintiff Versace's counsel regarding the subject of Fashion Nova's Motion *in Limine* No. 1. Versace has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted as evidence.

4. If Fashion Nova's Motion *in Limine* No. 1 is denied, such irrelevant evidence and testimony will unfairly prejudice Fashion Nova and likely mislead the jury and confuse the issues, as the garments are not at issue in the litigation but would likely be considered by the jury in assessing Versace's copyright claims if admitted into evidence.

5. In its Motion *in Limine* No. 2, Fashion Nova seeks to exclude Versace's expert, Dr. Yoram (Jerry) Wind, from offering testimony and evidence regarding his flawed and unreliable consumer surveys.

6. Fashion Nova's counsel has met and conferred with Plaintiff Versace's counsel regarding the subject of Fashion Nova's Motion *in Limine* No. 2. Versace has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted as evidence.

7. If Fashion Nova's Motion *in Limine* No. 2 is denied, such evidence and

4824-9362-7087.5

testimony will unfairly prejudice Fashion Nova, confuse the issues and mislead the jury, as Versace's expert Wind's consumer survey studies are irrelevant to the actual trade dresses at issue, use the wrong universe and improper stimuli, and could therefore only serve to confuse and mislead the jury.

8. In its Motion *in Limine* No. 3, Fashion Nova seeks to preclude Versace from expanding its intellectual property allegations and to limit Versace to only those timely submitted intellectual property allegations in its Complaint and in the expert report of Gabriele Goldaper. Versace should be limited to providing testimony only as to any analysis given with respect to the asserted Versace Copyrights, Trademarks and Trade Dress that are specifically alleged to be infringed by the specific accused garments in Versace's opening expert reports on intellectual property issues.

9. Fashion Nova's counsel has met and conferred with Plaintiff Versace's counsel regarding the subject of Fashion Nova's Motion *in Limine* No. 3. Versace has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted as evidence.

10. If Fashion Nova's Motion *in Limine* No. 3 is denied, Fashion Nova will be unfairly prejudiced by Versace's expansion of its intellectual property allegations as Fashion Nova and its experts were not provided adequate opportunity to address such allegations.

11. In its Motion *in Limine* No. 4, Fashion Nova seeks to exclude Versace's damages expert's (James Donohue) actual damages opinion and analysis based on a hypothetical license or reasonable royalty.

12. Fashion Nova's counsel has met and conferred with Plaintiff Versace's counsel regarding the subject of Fashion Nova's Motion *in Limine* No. 4. Versace has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted as evidence.

13. During the meet-and-confer, counsel for Fashion Nova informed counsel Versace that it has been unable to locate a single decision in the Ninth Circuit allowing

for a hypothetical guaranteed-minimum royalty to be recovered as reasonable-royalty damages and asked counsel for Versace if they were aware of any. To date, Versace has not identified any legal authority supporting such an award.

14. If Fashion Nova's Motion *in Limine* No. 4 is denied, Fashion Nova will be unfairly prejudiced because Versace's expert's actual damages opinion is unduly speculative, predicated on flawed methodology, and disregards the facts of record of the case.

15. Rather than re-number any Exhibits, Fashion Nova is using the same Exhibits previously identified in Dkt. No. 101.

16. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's Responses and Objections to Defendant's 1st Set of Interrogatories dated 5/18/2020.

17. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's Amended Responses and Objections to Defendant's 1st Set of Interrogatories dated 7/17/2020.

18. Attached hereto as **Exhibit 3** is a true and correct compilation of Versace correspondence, including a 6/26/20 Letter regarding new accused Fashion Nova garments, 7/1/20 Letter regarding new accused Fashion Nova garments, and 7/6/20 P. Somers Email to RAO Chambers regarding new accused Fashion Nova garments.

19. Attached hereto as **Exhibit 4** is a true and correct excerpt of the Gabrielle Goldaper Report dated 7/10/2020.

20. Attached hereto as **Exhibit 5** is a true and correct copy of the Deborah Young Report dated 8/12/2020.

21. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts from the 8/26/2020 Deposition Transcript of Dr. Yoram (Jerry) Wind.

22. Attached hereto as **Exhibit 8** is a true and correct copy of Dr. Yoram (Jerry) Wind's Report dated 7/10/2020.

23. Attached hereto as **Exhibit 9** is a true and correct copy of a chart summarizing Fashion Nova's position as to which garments have been accused of

infringing which asserted Versace IP, which chart was sent to Versace on September 9, 2020. This Exhibit is based on the specific infringement allegations made in the Complaint (Dkt. 1) and/or Versace's opening expert report (Gabrielle Goldaper) served on July 10, 2020, which Versace stated in discovery responses would contain all of its infringement allegations.

24. Attached hereto as **Exhibit 10** is a true and correct copy of Versace Exhibit 573 (VERS0009075-237 or Ex. A to the Pretrial Conference Order), which purports to be Versace's summary of its infringement allegations as to specific products accused of allegedly infringing specific asserted IP, which Fashion Nova received for the first time on September 16, 2020.

25. Attached hereto as **Exhibit 11** is a true and correct copy of a comparison chart highlighting differences between the parties' summary charts (Exhibits 9 and 10 above) and showing what Versace added or changed for the first time on September 16, 2020. A key to the chart is listed below:

- **X** [a red X] means Versace asserted the IP against the product for the first time on 9/16/2020
- **X** [a black X] means Versace previously asserted the IP against the product in either the Goldaper Report or the Complaint, and is still asserting the IP against the product in its 9/16/2020 chart
- **X** [a black X with yellow highlighting] means Versace previously asserted the IP against the product in either the Goldaper Report or the Complaint, but is no longer asserting the IP against the product in its 9/16/2020 chart
- In the "Derivative Versace Garments" column:
    - **X** [a red X] means there is a purported "derivative" Versace garment that Versace is apparently relying on its 9/16/2020 chart that was not previously asserted in the Goldaper Report or the Complaint
    - **X** [a black X] means there is a purported "derivative" Versace garment that was asserted previously in either the Goldaper Report or the Complaint that is still asserted in Versace's 9/16/2020 chart

- **X** [a black X with yellow highlighting] means a purported "derivative" Versace garment asserted previously in either the Goldaper Report or the Complaint is no longer asserted in Versace's 9/16/2020 chart

26. Attached hereto as **Exhibit 14** is a true and correct copy of the 7/10/2020 Expert Report of James J. Donohue.

27. Attached hereto as **Exhibit 15** is a true and correct copy of excerpts of the transcript from Brian Buss 8/27/2020 Deposition.

28. Attached hereto as **Exhibit 16** is a true and correct copy of the Rebuttal Expert Report of Brian Buss dated 8/12/2020.

29. Attached hereto as **Exhibit 19** is a true and correct copy of the 8/12/2020 Rebuttal Report of James J. Donohue.

30. Attached hereto as **Exhibit 20** is a true and correct copy of the Douglas Olsen Report dated 8/12/2020.

31. Attached hereto as **Exhibit 21** is a true and correct copy of Appendix F_1 to Dr. Yoram (Jerry) Wind's Report dated 7/10/2020.

32. Attached hereto as **Exhibit 22** is a true and correct copy of Appendix F_3 to Dr. Yoram (Jerry) Wind's Report dated 7/10/2020.

33. Attached hereto as **Exhibit 23** is a true and correct compilation of exemplar Fashion Nova vendor copyright registrations. Additional vendor copyright registrations and images are listed in the parties' Amended Joint Trial Exhibit List (Dkt. 116) as Fashion Nova's Trial Exhibit Nos. 788-820.

I declare under penalty of perjury under the laws of the United States of America and California that the foregoing is true and correct to the best of my knowledge, and that this declaration was executed this 22nd day of October, 2020.

By: */s/Jeanne M. Gills*
Jeanne M. Gill